# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| PATRICE SHELLMAN, | ) | |
| | ) | |
| Claimant, | ) | |
| | ) | |
| v. | ) | Case No. CV415-119 |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| *Commissioner of Social Security*, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Patrice Shellman has filed a complaint asking the Court to review the denial of her social security disability claim. Doc. 1. She also seeks leave to proceed *in forma pauperis* ("IFP").[1] Doc. 2. The Court does not rubber-stamp IFP applications, however, and in hers she claims zero assets and zero income, but states that two minors are dependent upon her. *Id.* at 2. It is, of course, facially inconsistent to claim to support two

---

[1] The Court will grant leave to proceed IFP if the plaintiff demonstrates that she cannot, because of poverty, afford to pay the costs of litigation and still provide for himself and any dependents. 28 U.S.C. § 1915(a); *Adkins v. E.I. Dupont de Nemours*, 335 U.S. 331, 339 (1948); *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2007). She need not be absolutely destitute in order to proceed IFP, but the fact that financing her own litigation may cause some difficulty is not sufficient to relieve her of his obligation to pay her own way where it is possible to do so without undue hardship. *Adkins*, 335 U.S. at 339-340.

minors and yet disclaim any assets or income whatsoever. Shellman, then, appears to have omitted material information.

Wary of such claims and cognizant of how easily one may consume a public resource with no financial skin in the game,[2] this Court demands supplemental information from dubious IFP movants. *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1313 (10th Cir. 2005) (court did not abuse its discretion by denying status to Social Security benefits claimant seeking judicial review of Commissioner's benefits denial; claimant, after having been specifically instructed on how to establish IFP status, failed to fill out proper forms or otherwise provide court with requisite financial information); *Jackson v. Tucker*, 2014 WL 851438 at * 1 (S.D. Ga. Mar. 5, 2014) ("After further review, the Court is not satisfied with his response.

---

[2] "[A] litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Courts thus deploy appropriate scrutiny. *See Hobby v. Beneficial Mortg. Co. of Va.*, 2005 WL 5409003 at * 7 (E.D. Va. June 3, 2005) (debtor denied IFP status where, although she was unable to find employment as a substitute teacher, she had not shown she is unable to work and earn income in other ways); *In re Fromal*, 151 B.R. 733, 735 (E.D. Va. 1993) (denying IFP application where debtor was licensed attorney and accountant and she offered no reason why she cannot find employment), cited in *In re Zow*, 2013 WL 1405533 at * 2 (Bkrtcy. S.D. Ga. Mar. 4, 2013) (denying IFP to "highly educated" bankruptcy debtor who, *inter alia*, had "not shown he is physically unable to work or earn income in other ways."); *Nixon v. United Parcel Service*, 2013 WL 1364107 at *1-2 (M.D. Ga. Apr. 3, 2013) (court examined income and expenses on long-form IFP affidavit and determined that plaintiff in fact had the ability to pay the court's filing fee).

It undeniably costs money to live, and Jackson not only swears he has zero assets of any kind, but that he also supports two children. That's plainly not credible.") (cite omitted); *Kareem v. Home Source Rental*, 986 F. Supp. 2d 1345, 1346 (S.D. Ga. 2013).

To that end, it tolerates no lies. *Ross v. Fogam*, 2011 WL 2516221 at * 1 (S.D. Ga. June 23, 2011) ("Ross, a convicted criminal, chose to burden this Court with falsehoods, not honesty. The Court thus rejects Ross's show cause explanation, as it is clear that he purposefully chose to disguise his filing history and financial status."); *Johnson v. Chisolm*, CV411-127, 2011 WL 3319872 at * 1 n. 3 (S.D. Ga. Aug. 1, 2011) ("This Court does not hesitate to invoke dismissal and other sanctions against inmates who lie to or otherwise deceive this Court."); *see also Moss v. Premiere Credit, LLC*, CV411-123, doc. 54 (S.D. Ga. Mar. 6, 2013) (Eleventh Circuit Order: "Moss's [IFP on appeal] motion is DENIED because her allegation of poverty appears to be untrue in light of her financial affidavit and filings in the district court.").[3]

---

[3] Furthermore, liars face consequences. *See United States v. Dickerson*, CR608-36, doc. 1 (S.D. Ga. Dec. 11, 2008) (§ 2255 movant indicted for perjury for knowingly lying in his motion seeking collateral relief from his conviction); *id.*, doc. 47 (guilty verdict), *cited in Colony Ins. Co. v. 9400 Abercorn, LLC*, 866 F.Supp.2d 1376, 1378 n. 2 (S.D. Ga. 2012) (collecting sanction cases).

Within 14 days of the date this Order is served, Shellman shall file a new IFP application, and shall disclose to the Court the following information:

(1) *All* "off-the-books" income, whether in cash or in-kind;

(2) Whether she has regular access to any transportation vehicle, as owned by another (including a rental company);

(3) Whether she possesses a cellular telephone, TV set, and any home electronics equipment (include estimated value and related carrying expenses, such as carrier and subscription fees);

(4) Whether she has any credit or debit cards;

(5) Whether she is the account owner, or has signature power, as to any accounts with a bank or other financial institution;

(6) Whether she anticipates any (within the next year) future income; and

(7) A list of any other cases showing an indigency-based, filing fee reduction or waiver granted by any other court (include the full case name, case number and the name of the court granting same).

Answering these points will better illuminate plaintiff's true financial condition. In that regard, she must again declare the facts she pleads to be true under penalty of perjury. If she does not use a

preprinted IFP form to respond (hence, if she uses a blank sheet of paper), she must insert this above his signature: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date)." 28 U.S.C. § 1746(1).

**SO ORDERED,** this 12th day of May, 2015.

UNITED STATES MAGISTRATE JUDGE
**SOUTHERN DISTRICT OF GEORGIA**